IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fortis Corporate Insurance, SA,   Case No. 3:04CV7048

    Plaintiff,

v.   ORDER

Viken Ship Management AS, et al.,

    Defendant.

    This is a subrogation case arising from damage to steel coil being carried by the MV *Viken* from Poland to Toledo, Ohio. Seawater leaking into the hold caused the damage to the steel. The water came through a crack in the hull. Plaintiff paid $375,000 to compensate its insured for the damage. It seeks to recover that amount from the shipowners.

    This is one of those suits – happily not very frequent in cases on my docket – that has been marked and marred by discovery squabbles. Their most recent iteration is a motion by the plaintiff for sanctions for failure to produce documents. [Doc. 88]. Plaintiff alleges, *inter alia*, deliberate spoilation of manuals and emails, discarding of photographs and unjustified refusal to produce other documents.

    Defendant opposes the motion, asserting that it has produced all still-extant relevant documents. Defendant acknowledges that copies of the requested manual were not kept after it was supplanted; a computer was replaced, causing loss of emails [and, possibly, other data that plaintiff might find useful]; and photos, which were taken before the voyage at issue while the *Viken* was in dry dock, were discarded.

1

Plaintiff's present belief is that the damage to the hull was caused by a collision [or an "allision"], possibly while the *Viken* was docking before taking on the steel coil. Defendant asserts that plaintiff's collision/allision theory has no basis in fact.

Without admitting that its theory has no basis in fact, plaintiff's discovery demands and pending motion suggest rather clearly that it believes that any lack of evidence in its hands is due to defendant's willful failure to retain the manual, emails, photos, and other documents and materials pertinent to its claim.

Having spent a fair amount of time [which I do not begrudge to the parties] with the various discovery disputes in this case, and having carefully considered the briefs relating to the pending motion, I am comfortable concluding that the defendant has not been guilty of bad faith, or undertaken deliberately to throw away evidence that would be hurtful to it, and helpful to the plaintiff.

To be sure, defendant might have done a better job – perhaps a good bit better job – of keeping things that it might possibly have anticipated it would be asked to produce at some point in a lawsuit in Toledo, Ohio, USA.

But that is not the issue where a foreign-based shipowner is involved. It is in the business of keeping its vessel afloat and full of cargo – not of litigating.

Perhaps in the fullness of time foreign-based companies doing business in the United States will be held to the same "litigation holds" and other devices now routinely applied by litigants here to make sure pertinent documents and other materials are retained and produced. And perhaps they should be held to the same standards in an era of ever-expanding global trade. Increasingly negligence on the other side of the globe can cause injury locally.

But I presently see no basis in the record before me for concluding that what happened here is so blameworthy that the defendant should be deprived, either in whole or part, of the opportunity to defend this case on the merits. I acknowledge that plaintiff's ability to present *its* case on the merits may be less than if the materials it seeks were available.[1] But that is due to no legally cognizable fault on the part of the defendant.

This case will proceed on the basis of what the defendant has been able to produce, and thus, what the plaintiff has been able to get. To do otherwise would be to impose penalties where they are not justified under the law or all the circumstances.

It is, therefore,

ORDERED THAT plaintiff's motion for sanctions [Doc. 88] be, and the same hereby is overruled. A pretrial conference is scheduled for November 26, 2007 at 11:30 a.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[1] I agree with the defendant, in any event, that, to the extent that I have ruled or stated that it need not produce certain materials, plaintiff's effort to impose sanctions for the failure to produce those materials is not well-founded.